UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>        Plaintiff,<br><br>    v.<br><br>ABDULLAH ALZAMZAMI, et al.,<br><br>        Defendants. | Case No. 24-cv-00651-VC<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**<br><br>Re: Dkt. Nos. 29, 36 |

       To establish standing to seek injunctive relief in federal court, a plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). A plaintiff in an ADA access case can do this by showing that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id*. at 950. Because there is an "absence of evidence" to support Sepulveda's claim that he intends to return to Los Primos Market and Produce, his ADA claim must be dismissed for lack of standing. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986); *see also Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (noting that, at the summary judgment stage, a "plaintiff's basis for standing must affirmatively appear in the record." (quoting *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1228 n.5 (9th Cir. 2008))).

       Sepulveda lives in Manteca, California, a town more than 75 miles from the Market, which is in San Pablo. Not only is that distance a factor against finding an intent to return, but Sepulveda has only been to the Market twice and could not recall its location, nor could he recall

visiting the Market, during his deposition.[1] Dkt. No. 29-5, Depo. of Richard Sepulveda, at 33:17–20, 42:15–18. Sepulveda says that he goes to Oakland for doctor appointments and occasionally visits his attorney's office in Richmond, but he has outlined no concrete plans to return to the Market. Sepulveda declared that he has a habit of "spontaneous spur of the moment" visits to stores to buy food items. Dkt. No. 37-1, Decl. of Richard Sepulveda, at 2. He argued that he could go back to the Market at any point because of that habit. But Sepulveda's travels to the East Bay for his various errands do not put the Market on his path to/from his home, making it increasingly unlikely that he truly will return to the Market. Without more evidence, no reasonable factfinder could find that the chance that his spontaneity will lead to a return visit to the Market is sufficiently concrete to establish a "real and immediate threat of repeated injury" in this case.

In addition to his ADA claim, Sepulveda brings a claim under California's Unruh Act. Cal. Civ. Code § 51. Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances," when "there are compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The facts of this case—a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction seemingly to circumvent California's procedural barriers to such suits—present exceptional circumstances. *See Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022); *Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021). And because the Court so obviously lacks jurisdiction over Sepulveda's ADA claim, it would be unfair to allow Sepulveda to bypass the state law limitations imposed on his Unruh Act claim, and exercising supplemental jurisdiction under the present circumstances would be an "affront to the comity between federal and state courts." *Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022).

The defendants' summary judgment motions are granted as to Sepulveda's ADA claim,

---

[1] Sepulveda, in a declaration attached to his opposition briefs, claims that he suffers from some memory issues but does know where the Market is. While defendant Carla den Dulk asks the Court to disregard the declaration because she alleges it is a "sham affidavit," even if the Court considers the declaration, Sepulveda is not able to establish standing.

and that claim is dismissed for lack of jurisdiction.[2] Sepulveda's Unruh Act claim is dismissed without leave to amend, but without prejudice to refiling in state court. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 10, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[2] This Court's understanding has always been that if there's a factual challenge to a plaintiff's standing at the summary judgment stage, and if that challenge is successful, the proper course is not to grant summary judgment for the defendant, but simply to dismiss for lack of jurisdiction under Rule 12(b)(1). But the Ninth Circuit has assumed that a summary judgment motion is the appropriate vehicle to litigate a factual standing challenge at this stage, so that's how it's being done here. *Jones v. Los Angeles Central Plaza LLC*, 74 F.4th 1053 (9th Cir. 2023). Either way, the result can only be dismissal for lack of jurisdiction, so this is probably just a technical point.